UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TOSHIBA NAYLOR,

    Plaintiff,

v.

ANTIONE ROUSE, LLC,
SIMPLE STEPS HOUSING OF DADE, INC,
SIMPLE STEPS HOUSING OF NORTH MIAMI, INC,
SIMPLE STEPS OF N. MIAMI BEACH, INC, and
ANTIONE T. ROUSE,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff TOSHIBA NAYLOR ("Naylor") brings this action against Defendants ANTIONE ROUSE, LLC ("AR"), SIMPLE STEPS HOUSING OF DADE, INC ("SSHD"), SIMPLE STEPS HOUSING OF NORTH MIAMI, INC ("SSHNM"), SIMPLE STEPS OF N. MIAMI BEACH, INC ("SSNMB"), and ANTIONE T. ROUSE ("Rouse") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Naylor was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, AR was a Florida corporation that regularly transacted business in Broward County, Florida.

1

4. At all times material hereto, SSHD was a Florida corporation that regularly transacted business in Broward County, Florida.

5. At all times material hereto, SSHNM was a Florida corporation that regularly transacted business in Broward County, Florida.

6. At all times material hereto, SSNMB was a Florida corporation that regularly transacted business in Broward County, Florida.

7. Upon information and belief, AR's gross sales or business done was in excess of $500,000 per year at all times material hereto.

8. AR was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

9. Upon information and belief, SSHD's gross sales or business done was in excess of $500,000 per year at all times material hereto.

10. SSHD was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

11. Upon information and belief, SSHNM's gross sales or business done was in excess of $500,000 per year at all times material hereto.

12. SSHNM was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

13. Upon information and belief, SSNMB's gross sales or business done was in excess of $500,000 per year at all times material hereto.

14. SSNMB was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

15. At all times material hereto, AR was engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

16. At all times material hereto, SSHD was engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

17. At all times material hereto, SSHNM was engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

18. At all times material hereto, SSNMB was engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

19. At all times material hereto, Naylor was an employee in the domestic service of a home and performing a variety of domestic services as defined by 29 U.S.C. § 202.

20. Naylor engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

21. Rouse is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of AR, ran the day-to-day operations, and had operational control over AR, and was

directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Naylor.

22.  Rouse is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of SSHD, ran the day-to-day operations, and had operational control over SSHD, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Naylor.

23.  Rouse is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of SSHNM, ran the day-to-day operations, and had operational control over SSHNM, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Naylor.

24.  Rouse is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of SSNMB, ran the day-to-day operations, and had operational control over SSNMB, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Naylor.

25.  AR, SSHD, SSHNM, SSNMB, Simple Steps Housing of South Florida, Inc, Simple Steps Housing of North Miami II, Inc and the facilities operating at the following addresses are a single enterprise under the FLSA, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

    12445 NW 22nd Ave, Miami, FL 33167         2270 NW 64th St., Miami, FL 33168
    1290 NW 120th St, Miami, FL 33161          12090 NW 12th Ave, Miami, FL 33168
    12045 NW 13th Ave, Miami, FL 33161         2270 NW 64th St., Miami, FL 33147
    6401 NW 18th Ave, Miami, FL 33150          15 NE 156th St., North Miami, FL 33162
    18721 NW 24th Ave, Miami, FL 33167

26. AR, SSHD, SSHNM, and SSNMB were joint employers of Naylor under the FLSA, shared Naylor's services, had Naylor acting in the interest of each business, and shared common control of Naylor.

27. AR operates assisted living facilities that provide care to mentally infirmed patients.

28. SSHD operates assisted living facilities that provide care to mentally infirmed patients.

29. SSHNM operates assisted living facilities that provide care to mentally infirmed patients.

30. SSNMB operates assisted living facilities that provide care to mentally infirmed patients.

31. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

32. Naylor worked for Defendants as a home health aide

33. Defendants failed to pay Naylor's full and proper minimum wages.

34. Defendants failed to pay Naylor's full and proper overtime wages.

35. Defendants knowingly and willfully refused to pay Naylor's legally-entitled wages.

36. Attached as **Exhibit A** is a preliminary calculation of Naylor's claims; these amounts may change as Naylor engages in the discovery process.

37. Naylor retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

38. Naylor realleges and incorporates the allegations set forth in paragraphs 1-37 above as if set forth herein in full.

39. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Naylor is entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

40. Naylor seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Naylor demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Florida Bar No. 74791